_____

CORDAY ALEXANDER LINTON,

           Plaintiff,

v.                                          Case No. 2:26-cv-00258-JPS

CITY OF MILWAUKEE, BENJAMIN SANCHEZ,
in his individual and official capacities;
MATTHEW REJC, BRIAN PELLETT,
TIMOTHY ASKIN, AARON HELT, LISA MANEY,
and TODD MILLER, each in their individual
and official capacities,

           Defendants.
_____

## JOINT RULE 26(f) DISCOVERY PLAN

_____

Defendants City of Milwaukee, Benjamin Sanchez, Matthew Rejc, Brian Pellett, Timothy Askin, Aaron Helt, Lisa Maney, and Todd Miller by their attorneys, City Attorney Evan Goyke represented by Assistant City Attorneys Elizabeth Miles and Joshua Cronin; and Plaintiff Corday Alexander Linton by his attorneys The Swanigan Firm by Verona E. Swanigan, submit the following report pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 26, and the Court's Comprehensive Protocols and Procedures Order (Doc. No. 8):

    **(A)**    **What changes should be made in the timing, form, or requirement for disclosures under subdivision (a) or local rule, including a statement as to when disclosures under subdivision (a) (1) were made or will be made?**

- <u>Initial Disclosures</u>: Initial disclosures pursuant to Rule 26(a) shall be made by the parties on/before <u>March 31, 2026</u>.

- <u>Plaintiff's Expert Disclosures</u>: Expert witness disclosures pursuant to Rule 26(a) shall be made by the Plaintiff on/before <u>July 31, 2026</u>.

- <u>Defendants' Expert Disclosures</u>: Expert witness disclosures pursuant to Rule 26(a) shall be made by the Defendants on/before <u>October 30, 2026</u>.

**(B)** **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues?**

- Discovery may be conducted with regard to the events alleged in the Complaint and in Defendants' Answer according to the standard of permissible discovery set out in Rule 26, Civil Local Rule 26, and applicable law.

- At this time, the parties are unaware of any changes that need to be made on discovery limitations. If it becomes apparent that changes are necessary, the parties anticipate an agreement can be reached among them.

**(C)** **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

- The parties anticipate disclosure and production of electronically stored information in this matter.

- The parties propose that electronically stored information be produced in searchable .pdf files or, upon request or if most appropriate and feasible, in native format. For good cause, the Court may order particular items of electronically stored information be produced in their native format as used in the usual course of business or in some other form. Video and audio recordings should be produced in their original native digital format to preserve authenticity and usability.

2

**(D)** **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the Court to include their agreement in an order.**

- The parties do not anticipate issues relating to claims of privilege or protection as trial preparation material, nor do they presently anticipate the need for a protective order.

**(E)** **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?**

- The parties request no changes at this time.

**(F)** **Any other orders that should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c).**

- Dispositive Motions: The parties request a dispositive motions deadline of January 29, 2027.

- Interim Settlement Report: The parties request an interim settlement report deadline of February 26, 2027.

3

- The parties agree that discovery documents and pleadings may be served by electronic means, including email, as set forth in Federal Rule of Civil Procedure 5(b)(2)(E) and that electronic service shall be complete upon transmission. If a document is served by email, it shall be emailed to all counsel who have formally appeared in the matter.

Dated: March 4, 2026.

**EVAN C. GOYKE**
City Attorney

By: *s/Joshua B. Cronin*
JOSHUA B. CRONIN, Assistant City Attorney
State Bar No. 1064324
ELIZABETH K. MILES, Assistant City Attorney
State Bar No. 1064284
Milwaukee City Attorney's Office
200 E. Wells Street
CH 800
Milwaukee, WI 53202
Telephone: (414) 286-8822 (Atty. Cronin)
Telephone: (414) 286-2625 (Atty. Miles)
Email: JBCronin@milwaukee.gov
Email: EKMiles@milwaukee.gov
*Attorneys for Defendants City of Milwaukee, Benjamin Sanchez, Matthew Rejc, Brian Pellett, Timothy Askin, Aaron Helt, Lisa Maney, and Todd Miller*

Dated: March 4, 2026.

**THE SWANIGAN FIRM**

*s/Verona E. Swanigan*
VERONA E. SWANIGAN
State Bar No. 1086459
425 W. Capitol Ave., Suite 1533
Little Rock, AR 72201
Telephone: (866) 603-5239
Email: callthelawlady@outlook.com
*Attorneys for Plaintiff Corday Alexander Linton*

4