## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

CORDAY ALEXANDER LINTON,

    Plaintiff,

v.             Case No. 2:26-cv-00258-SCD

CITY OF MILWAUKEE, BENJAMIN SANCHEZ,
in his individual and official capacities;
MATTHEW REJC, BRIAN PELLETT,
TIMOTHY ASKIN, AARON HELT, LISA MANEY,
and TODD MILLER, each in their individual
and official capacities,

    Defendants.

## BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION
## FOR JUDGMENT ON THE PLEADINGS

Defendants City of Milwaukee ("City"), Benjamin Sanchez, Matthew Rejc, Brian Pellett, Timothy Askin, Aaron Helt, Lisa Maney, and Todd Miller, by their attorneys, City Attorney Evan Goyke represented by Assistant City Attorneys Elizabeth Miles and Joshua Cronin, submit the following Brief in support of their Joint Motion for Judgment on the Pleadings ("Motion").

### INTRODUCTION

Through this Motion, the Defendants seek dismissal of Counts III, V, VI, VII, and XI of the Plaintiff's Complaint (ECF No. 1-3) pursuant to Federal Rule of Civil Procedure 12(c). First, this Court must dismiss Count III, which alleges a violation of the Housing and Community Development Act ("HCDA"), 42 U.S.C. § 5301 *et seq.*, because the HCDA does not provide a private right of action. Second, this Court must dismiss Count VI, which alleges violations of Title 2 and Title 24 of the Code of Federal Regulations, because those regulations do not provide

a private right of action. Third, this Court must dismiss Count VII, which alleges a violation of the Federal False Statements Statute, 18 U.S.C. § 1001 *et seq.*, because the statute does not provide a private right of action. Fourth, this Court must dismiss Count V, which alleges a violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, because the FHA applies only to "dwellings" in which a plaintiff resides, not commercial investment properties like the one at issue in this action. Finally, this Court must dismiss Count XI, which alleges a violation of Wisconsin's Public Records Law, Wis. Stat. § 19.21 *et seq.*, because the Complaint fails to allege the facts necessary to assert a claim under the Public Records Law.

## FACTS

The subject of Plaintiff's Complaint is a mixed-use property located at 5128-5130 West Center Street, Milwaukee, Wisconsin ("Subject Property"). The Plaintiff purchased the Subject Property from the City in 2019 for $10,000. (ECF No. 1-3 at ¶ 32.) As a mixed-use property, the lower level was to be used for retail purposes (restaurant/café), and the upper level was to be used as two apartments, which the Plaintiff would make available to the public for rental after he renovated them. (*Id.* at ¶¶ 32–36; ECF No. 9 at 10–17, 132–158, 259–265.)

The Plaintiff applied for grants made available through the City to help pay for his renovation of the retail and rental spaces. (ECF No. 1-3 at ¶¶ 32–36.) The Plaintiff was conditionally approved for a $29,998 grant through the Rental Rehabilitation Program to fund renovations of the two apartments and a $65,523 grant through the Foreclosed Commercial Property Loan Program to fund renovations of the retail spaces. (*Id.* at ¶¶ 35-36; ECF No. 12 at ¶¶ 35–36.) Ultimately, neither grant was disbursed to the Plaintiff. (ECF No. 1-3 at ¶ 171.)

In a wide-ranging Complaint, the Plaintiff alleges that numerous City employees, including the six individually named Defendants, participated in a coordinated conspiracy to

deprive him of the grant proceeds because of his race, including through acts of deception and forgery. (ECF No. 1-3 *passim.*) The Defendants wholly deny the Plaintiff's allegation that he did not receive the grant proceeds because of his race and anticipate all of the Plaintiff's 11 claims will be dismissed short of trial. (ECF No. 12.) This Motion addresses five claims that can be dismissed now based solely on the Complaint and Answer.

## STANDARD OF LAW

"A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017). In deciding a motion for judgment on the pleadings, a court accepts as true all factual allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017). In addition to the complaint, a court may consider documents incorporated by reference in the complaint; the answer to the complaint, including any admissions in the answer; and facts of which the court may take judicial notice. *Milwaukee Police Ass'n v. Flynn*, 213 F. Supp. 3d 1113, 1115 (E.D. Wis. 2016) (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452-53 (7th Cir. 1998)). To survive a motion for judgment on the pleadings, the challenged pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## ARGUMENT

This Court must grant judgment on the pleadings in favor of the Defendants on Counts III, V, VI, VII, and XI of the Complaint. Counts III, VI, and VII must be dismissed because the statutes and regulations under which those claims were pled do not provide a private right of action. Count V must be dismissed because the FHA applies only to "dwellings," and the

3

Subject Property is not a "dwelling" because it was a commercial investment property. Count XI must be dismissed because the Plaintiff has failed to allege the predicate facts needed to assert a claim under Wisconsin's Public Records Law.

I. **THE COURT MUST DISMISS COUNTS III, VI, AND VII BECAUSE THE STATUTES AND REGULATIONS UNDER WHICH THOSE CLAIMS WERE PLED DO NOT PROVIDE A PRIVATE RIGHT OF ACTION.**

None of the statutes and regulations upon which Counts III, VI, and VII are based provide a private right of action; therefore, those claims must be dismissed. "Private rights of action to enforce federal law must be created by Congress." *Chicago Teacher's Union, Local 1, AFT v. Educators for Excellence, Inc.*, 159 F.4th 524, 528 (7th Cir. 2025) (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)). A private right of action can be express or implied. *Id.* An express right of action is stated in a statute's text. *Id.* An implied right of action is judicially inferred; a court considers whether Congress intended to provide a private right of action by analyzing the text and structure of the statute. *Id.* at 528-29. A strong presumption exists **against** the creation of an implied right of action. *Id.* at 530.

A. **Count III: The HCDA Does Not Provide a Private Right of Action.**

Count III, entitled "Violation of Section 109 of the Housing and Community Development Act (42 U.S.C. § 5309)," alleges that the City violated the HCDA by "engaging in and ratifying racially discriminatory conduct in the administration of CDBG-funded programs" and "violat[ing] mandatory CDBG program management standards." (ECF No. 1-3 at ¶¶ 191–96.) This Court must dismiss Count III because the HCDA does not include an express right of private action, nor does it evidence an intent by Congress to provide a private right of action such that this Court could find an implied right.

4

The HCDA states, in relevant part:

**(a) Prohibited Conduct**
No person in the United States shall on the ground of race . . . be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity funded in whole or in part with funds made available under this chapter. . . .

**(b) Compliance Procedures Available to Secretary**
Whenever the Secretary determines that a State or unit of general local government which is a recipient of assistance under this chapter has failed to comply with subsection (a) or (e) or an applicable regulation, he shall notify the Governor of such State or the chief executive officer of such unit of local government of the noncompliance and shall request the Governor or the chief executive officer to secure compliance. If within a reasonable period of time, not to exceed sixty days, the Governor or the chief executive officer fails or refuses to secure compliance, the Secretary is authorized to (1) refer the matter to the Attorney General with a recommendation that an appropriate civil action be instituted; (2) exercise the powers and functions provided by title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d); (3) exercise the powers and functions provided for in section 5311(a) of this title; or (4) take such other action as may be provided by law.

**(c) Civil Action by Attorney General**
When a matter is referred to the Attorney General pursuant to subsection (b), or whenever he has reason to believe that a State government or unit of general local government is engaged in a pattern or practice in violation of the provisions of this section, the Attorney General may bring a civil action in any appropriate United States district court for such relief as may be appropriate, including injunctive relief.

42 U.S.C. § 5309(a)-(c).

Though neither the Seventh Circuit Court of Appeals nor any court in the Eastern District of Wisconsin has addressed whether there is a private right of action under the HCDA, the majority of courts in other jurisdictions have concluded that the HCDA does not provide a private right of action. *Freeman v. Fahey*, 374 F.3d 663, 666 (8th Cir. 2004) ("Adopting the position of the majority of courts that have considered the question, we conclude Congress did not intend that section 5309 provide a private right of action"); *see also Latinos Unidos de Chelsea En Accion (LUCHA) v. Sec'y of Hous. & Urban Dev.*, 799 F.2d 774, 795 (1st Cir. 1986)

("[W]e hold that Congress did not intend to create a private right of action under the HCDA"); *Habtemariam v. Multifamily Hous. Unit-HUD*, No. 96-4401, 1997 U.S. App. LEXIS 34458, at *2 (6th Cir. Dec. 4, 1997) ("The complaint fails to state a claim under § 5301, as there is no private right of action under this statute"); *Norman v. City of Cincinnati*, Case No. 25-3222, 2025 U.S. App. LEXIS 27157, at *13 (6th Cir. Oct. 17, 2025) ("Nonetheless, it concluded that § 5309 did not create a private right of action. On appeal, Norman does not take issue with that conclusion. As a result, she has abandoned that claim"); *Reyes v. Erickson*, 238 F. Supp. 2d 632, 636 (S.D.N.Y. 2003) ("Plaintiffs assert violations of the nondiscrimination provisions of the Housing and Community Development Act, 42 U.S.C. § 5309 and 24 C.F.R., 6.1 and 91.1. However, this Court lacks subject matter jurisdiction over these claims because these provisions do not create private rights of action"); *King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 781 (E.D. Va. 2002) ("[T]here is no private right of action that would allow the court to hear a claim brought by a private citizen to enforce 42 U.S.C. § 5309(a)"); *Dortch, Figures, & Sons, Inc. v. City of Mobile*, Civil Action 1:18-00213-KD-C, 2019 U.S. Dist. LEXIS 183075, at *26 (S.D. Ala. Oct. 22, 2019) ("However, there is no private right under Section 5309 to bring a race discrimination action against city officials for an unsuccessful CBDG application"); *Pondexter v. Allegheny Cty. Hous. Auth.*, Civil Action No. 11-857, 2012 U.S. Dist. LEXIS 117992, at *33 (W.D. Pa. Aug. 21, 2012) ("Plaintiff claims ACHA violated the HCDA, the United States Housing Act of 1937 and 42 U.S.C. § 14141. . . . However, no independent, private right of action is available under any of these statutes").

The Eight Circuit's decision in *Freeman* provides a succinct example for this Court to follow.  In that case, the court upheld dismissal of the plaintiff's claim that the City of Omaha violated the HCDA for racial discrimination in the allocation of federal block grants.  *Freeman*,

374 F.3d at 665.  The court concluded, based on the text and structure of the HCDA, that the statute provided no express or implied right of action:

> Rather, section 5309 provides for administrative enforcement of the antidiscrimination provisions by the Secretary of Housing and Urban Development, and for judicial enforcement through a civil action by the Attorney General, suggesting Congress intended to place enforcement in the hands of the Secretary, rather than private parties.

*Id.* at 665.  The court noted that, while the Plaintiff's HCDA claim was barred, the Plaintiff had other legal avenues available to address any alleged discrimination.  *Id.* at 666.

This Court should follow the majority of other jurisdictions and conclude that the HCDA does not provide the Plaintiff a private cause of action. Rather, enforcement of HCDA is limited to the Secretary of Housing and Urban Development or judicial enforcement by the Attorney General.  Consequently, Count III must be dismissed.

**B.      Count VI: The Federal Regulations Do Not Provide a Private Right of Action.**

This Court also must dismiss Count VI, entitled "Violation of Federal CDBG Administration Requirements," because there is no private right of action under the federal regulations cited by the Plaintiff in support of the claim.

The regulations in 24 C.F.R. § 570.1 *et seq.* that the Plaintiff references in Count III are authorized under the HCDA.  (ECF No. 1-3 at ¶¶ 100–01, 104, 119, 195, 211, 212, 215–17, 222); 24 C.F.R. § 570.1(a) ("This part describes policies and procedures applicable to the following programs authorized under Title I of the Housing and Community Development Act of 1974, as amended. . . .").  Not surprisingly, since the HCDA does not provide a private right of action, courts, including those within the Seventh Circuit, hold that the regulations do not provide a private right of action.  *See*, *e.g.*, *Hopkins v. Springfield Hous. Auth.*, No. 11-cv-3347, 2012 U.S. Dist. LEXIS 190370, at *14 (C.D. Ill. Jan. 31, 2012) ("Federal courts have held that

other sections of Title 24 of the Code of Federal Regulations do not create a private right of action"); *City of Fort Lauderdale v. Scott*, CASE NO. 10-61122-CIV-COHN/SELTZER, 2011 U.S. Dist. LEXIS 81352, at *13 (S.D. Fla. July 25, 2011) ("The Court agrees with Counter-Defendants that no private right of action exists under 24 C.F.R. § 85.40 and § 570.506"); *Brooks-Hamilton v. City of Oakland*, No. C 01-04569 WHA, 2002 U.S. Dist. LEXIS 10948, at *1 (N.D. Cal. May 28, 2002) ("The only federal-question issue the borrower raised in the second complaint was that the city violated its duty of care under 24 C.F.R. § 570.209 in analyzing block grant funds. The regulation was not a statute and could not confer a private right of action, nor imply one").

The Plaintiff also relies on regulations located in Title 2 of the Code of Federal Regulations. (ECF No. 1-3 at ¶¶ 84, 100, 102, 104, 116, 119, 135, 195, 211, 216, 218.) Generally speaking, Title 2 establishes uniform administrative requirements for federal awards, including grants. Numerous courts have found that Title 2 does not create a private right of action. *See*, *e.g.*, *Miller Transp., Inc. v. Hocking Athens Perry Cmty. Action*, 10th Dist. Franklin No. 23AP-124, 2024-Ohio-1017, ¶ 18 ("Likewise, although Miller cites to and quotes 2 C.F.R. § 200.319(a) in its amended complaint, nothing in this regulation provides for a private cause of action"); *Brooks v. Barrett*, CASE NO. 2:18-cv-565-GMB, 2018 U.S. Dist. LEXIS 194627, at *19 (M.D. Ala. Nov. 15, 2018) (finding 2 § C.F.R. 200.319 does not create a legal basis for a disappointed bidder to sue because this regulation does not establish any federal rights).

In sum, courts have uniformly denied attempts to create a private right of action out of Title 24 or Title 2 because these regulations do not evidence any intent by Congress to create a private right of action. Accordingly, this Court should also dismiss Count VI.

**C.      Count VII: The Federal False Statements Statute Does Not Provide a Private Right of Action.**

Count VII of the Plaintiff's Complaint alleges violations of the Federal False Statements Statute, 18 U.S.C. § 1001.  (ECF No. 1-3 at ¶¶ 225–233.)  The Seventh Circuit Court of Appeals and district courts within the Seventh Circuit recognize that the Federal False Statements Statute is a criminal statute that does not provide civil plaintiffs a private right of action.  *See*, *e.g.*, *Stevens v. Jefferson*, 421 F. App'x 639, 640 (7th Cir. 2011) ("As for § 1001, neither criminal statutes generally . . . nor § 1001 in particular, afford civil plaintiffs a private cause of action . . .") (internal citations omitted); *Daniels v. Am. Postal Worker Union*, 167 F. Supp. 2d 999, 1003 (N.D. Ill. 2001) ("Ms. Daniels lacks standing to sue St. Clair Darby for making false statements to the government under 18 U.S.C. 1001. Nothing in that criminal statute provides for a private right of action or provides civil remedies for a private person affected by any such statements. Only the government may prosecute a defendant for this crime"); *Lee v. Ambrose*, 4:12-cv-003-SEB-WGH, 2013 U.S. Dist. LEXIS 36720, at *4 (S.D. Ind. Mar. 18, 2013) ("The plaintiffs also allege that the defendants violated several federal criminal statutes: 18 U.S.C. §§ 241, 242, 1001, and 1203. The complaint fails to state a claim upon which relief can be granted because criminal statutes do not provide a private cause of action for civil liability").

In seeming recognition of the lack of any private right of action, the last paragraph of Count VII states:

> Plaintiff respectfully requests that the Court, pursuant to its inherent supervisory authority and Wisconsin Rules of Evidence, take notice of the evidence of potential violations of 18 U.S.C. § 1001 and related federal program requirements contained in this record, and acknowledge Plaintiff's statutory right to submit this material to appropriate federal oversight authorities for independent review. Plaintiff does not seek an order compelling federal investigation.

(ECF No. 1-3 at ¶ 233.)  This Court cannot provide any relief to the Plaintiff under the Federal False Statements Statute, and Count VII must be dismissed.

**II. COUNT V MUST BE DISMISSED BECAUSE THE FHA APPLIES ONLY TO "DWELLINGS," AND THE SUBJECT PROPERTY IS NOT A "DWELLING" BECAUSE IT WAS A COMMERCIAL INVESTMENT PROPERTY.**

Count V alleges violations of the FHA. (ECF No. 1-3 at ¶¶ 203-209.) This claim must be dismissed because the FHA applies only to "dwellings," and the Subject Property is not a "dwelling."

The FHA makes it unlawful to discriminate against a person with respect to the sale or rental of a dwelling because of their race. 42 U.S.C. § 3604. A "dwelling" is defined as "any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure, or portion thereof." 42 U.S.C. § 3602(b).

Courts within the Seventh Circuit agree that a commercial property or venture is not a "dwelling." *See*, *e.g.*, *Lunini v. Grayeb*, 305 F. Supp. 2d 893, 914-15 (C.D. Ill. 2004) ("[T]he FHA does not apply to commercial ventures in which the party alleging discrimination did not intend to reside. Even the broadest reading of the FHA would not cover the Monroe Street Apartments in this situation"); *Shaikh v. City of Chicago*, Case No. 00 C 4235, 2001 U.S. Dist. LEXIS 1386, at *11-12 (N.D. Ill. Feb. 9, 2001) ("[T]he FHA does not apply to the sale of residential property to a person who is buying the property as a commercial venture, has no intention of residing in the property, and is not suing on behalf of protected class members who would reside there"); *Matsunaga v. Century 21*, No. 84 C 11018, 1985 U.S. Dist. LEXIS 20039, at *1 (N.D. Ill. May 7, 1985) (FHA claim brought by Japanese plaintiffs dismissed because grocery store was commercial property and did not constitute a "dwelling").

Among these Seventh Circuit decisions, the most recent discussion of the FHA's inapplicability to commercial investment properties is set forth in *Lunini*. The plaintiff in that case alleged that the defendant interfered with his ability to develop his property, the Monroe Street Apartments, thereby violating the FHA. Addressing the FHA claim, the court began by reviewing the decision in *Shaikh*. The court in *Shaikh* held that a purchaser of an apartment building could not bring a claim under the FHA because the purchaser was planning to use the apartment building as a commercial venture, not a personal residence:

> The district court [in *Shaikh*] ruled that even if the building was considered a "dwelling" under the FHA, the Act does not apply to a property which the purchaser is buying as a commercial venture, and in which he does not intend to live. The court noted that there are certain instances when a person may sue under the FHA even if he did not intend to live in the dwelling. However, those cases are limited to situations in which the plaintiff is asserting the rights of protected minorities who would be denied the right to live in the property in violation of the FHA. Since Mr. Shaikh was not asserting the rights of those who intended to live in the apartment building, and he himself did not intend to live in the apartment building, the FHA did not apply.

*Lunini*, 305 F. Supp. 2d at 914 (internal citations omitted). The *Lunini* court adopted the reasoning of the *Shaikh* court:

> Lunini is not advocating for the rights of potential residents of the Monroe Street Apartments. Instead, he is claiming that his own exclusion from the business venture in the Monroe Street Apartments violates the FHA, even though there is no evidence Lunini intended to live there. Such a business venture falls outside the parameters of the FHA, and any exclusion by Grayeb of Lunini from the Monroe Street Apartments did not violate the FHA as a matter of law.

*Id.* at 915.

Many courts outside the Seventh Circuit have reached the same conclusion as the courts in *Lunini* and *Shaikh*. *See*, *e.g.*, *Germain v. M & T Bank Corp.*, No. 13-CV-7273, 2015 U.S. Dist. LEXIS 79974, at *10 (S.D.N.Y June 19, 2015) (holding that the FHA does not apply "because Plaintiffs' purpose in applying for the loan was commercial, rather than residential, and the discrimination that they allege is directed at them as commercial applicants, rather than the

prospective residents of the property"); *Lawrence v. Cty. of Orange & Diana*, 09-CV-5043 (CS), 2010 U.S. Dist. LEXIS 164575, at *15 (S.D.N.Y. June 1, 2010) (holding that the FHA does not apply because "Plaintiff is not seeking any remedy that would benefit potential residents who were denied the opportunity to reside on the Camp LaGuardia property; instead, he is seeking damages for his personal economic loss"); *Miller v. First United Bank & Tr. Co.*, Case No. CIV-22-185-F, 2022 U.S. Dist. LEXIS 73079, at *2-3 (W.D. Okla. Apr. 21, 2022) ("The court concludes that the FHA does not apply to the transaction alleged in plaintiffs' complaint since the purpose in applying for the loan was commercial, rather than residential"); *Miller v. Bank of Am., N.A.*, Civil Action No. 01-1651 (RMC), 2005 U.S. Dist. LEXIS 16925, at *16 (D.D.C. July 13, 2005) ("The FHA is inapplicable to this case because Mr. Miller used the properties for commercial purposes").

This Court should reach the same conclusion as the courts cited above and find that the Plaintiff's FHA claim fails because the grants at issue were loans taken in furtherance of the Plaintiff's business venture. Count V alleges that the Defendants conspired to deprive the Plaintiff of grant funding such that he was unable to restore the Subject Property into a restaurant/café and two apartments for rent. (ECF No. 1-3 at ¶¶ 203–09, *passim*.) The exhibits to the Complaint also show that the Subject Property was a commercial business venture for the Plaintiff. (ECF No. 9 at 10–17, 132–158, 259–265.) The allegations in the Complaint and its exhibits cannot be construed to support any inference that the Subject Property was anything except a commercial business venture and, therefore, not a "dwelling."

The Plaintiff may argue that his FHA claim survives this Motion because he alleges that "two federally subsidized affordable housing units were permanently eliminated from Milwaukee's housing stock, reducing the availability of safe and affordable housing for low

income residents and undermining the Fair Housing Act's core purpose of fostering equal housing opportunity." (ECF No. 1-3 at ¶ 208.) The Court should reject any such argument because a plaintiff is permitted to sue on behalf of potential future residents only if those potential future residents would have been the subject of discrimination themselves. Stated differently, the potential future residents must be the subject of the allegedly discriminatory conduct. *See*, *e.g.*, *Lunini*, 305 F. Supp. 2d at 914 ("[T]here are certain instances when a person may sue under the FHA even if he did not intend to live in the dwelling. However, those cases are limited to situations in which the plaintiff is asserting the rights of protected minorities who would be denied the right to live in the property in violation of the FHA") (internal citations omitted).; *Shaikh*, 2001 U.S. Dist. LEXIS 1386, at *10 ("[T]here is no indication that Shaikh is asserting the rights of anyone, including himself, who would be denied the right to live in the property in violation of the FHA").

Here, the Complaint is devoid of any allegation that future potential residents of the Subject Property would have been the subjects of any type of discrimination. Rather, the Plaintiff is the sole person against whom discrimination is alleged, and he alleges discrimination against himself in his capacity as a business investor. Count V must be dismissed because it fails to state a claim under the FHA.

## III.   COUNT XI MUST BE DISMISSED BECAUSE THE EXCLUSIVE RELIEF AVAILABLE UNDER WISCONSIN'S PUBLIC RECORDS LAW IS A WRIT OF MANDAMUS, NOT MONETARY RELIEF.

Finally, the Court must dismiss Count XI because it fails to state a claim under Wisconsin's Public Records Law, Wis. Stat. § 19.21 *et seq.* Section 19.35 of the Wisconsin Statutes provides the public a right to inspect public records. In the event a governmental body improperly refuses to disclose a public record, Section 19.37 provides the available remedies.

13

When a claim is pled under Sections 19.35 and 19.37, three elements must be established: (1) a pre-litigation request for a public record; (2) a pre-litigation denial of the request; and (3) a complaint requesting a writ of mandamus to compel the production of the requested document. *See* Wis. Stat. § 19.37(1)(a) ("If an authority withholds a record or part of a record or delays granting access to a record or part of a record after a written request for disclosure is made, the requester may pursue either, or both, of the alternatives under pars. (a) and (b)").[1]

The Complaint does not allege facts necessary to state a claim under the Public Records Law. The Complaint alleges that Defendants Maney and the City concealed documents, (ECF No. 1-3 at ¶ 255), but does not identify (1) the documents allegedly concealed, (2) that a pre-litigation request for these documents was made, or (3) that a pre-litigation denial of the public records request occurred.

Nor does Count XI seek the relief provided under the Public Records Law; *i.e.*, a writ of mandamus ordering documents to be released to the Plaintiff. Rather, Count XI pleads a claim for other relief: "As a direct result of Defendants' unlawful withholding of records, Plaintiff suffered harm including deprivation of due process, inability to contest discriminatory enforcement, and increased legal expenses." (*Id.* at ¶ 260.) As best the Defendants can discern, this appears to be a general claim for monetary damages. Neither Section 19.35 nor Section 19.37 provide for general monetary damages. It is only after a requester obtains a writ of mandamus that they may seek certain limited monetary damages. *See* Wis. Stat. § 19.37(2).

Count XI fails to state a claim for relief under Wisconsin's Public Records Law and therefore must be dismissed.

---

[1] Subsection (a) permits the requester to bring an action for mandamus asking a court to order release of the record. Subsection (b) permits the requester to ask the district attorney of the county where the record is found, or request

**CONCLUSION**

By way of summary, this Court must dismiss Counts III, V, VI, VII, and XI for the following reasons:

1. <u>Count III (HCDA)</u>: No private right of action.

2. <u>Count V (FHA)</u>:  FHA does not apply to commercial ventures.

3. <u>Count VI (Titles 2 and 24 of the Code of Federal Regulations)</u>:  No private right of action.

4. <u>Count VII (Federal False Statements Statute)</u>:  No private right of action.

5. <u>Count XI (Wisconsin Public Records Law)</u>: Predicate facts essential to claim not pled.

The Defendants respectfully request that these counts be dismissed with prejudice.  A dismissal with prejudice is appropriate because the fatal flaws in these counts cannot be fixed with an amended pleading.  *See Charleston v. Bd of Trs. of the Univ. of Illinois at Chicago*, 741 F.3d 769, 776–77 (7th Cir. 2013) ("[D]istrict courts have broad discretion to deny leave to amend where the amendment would be futile") (internal quotations omitted).

Dated and signed at Milwaukee, Wisconsin this 17th day of April, 2026.

**EVAN C. GOYKE**
City Attorney

By: *s/Joshua B. Cronin*
JOSHUA B. CRONIN, Assistant City Attorney
State Bar No. 1064324
ELIZABETH K. MILES, Assistant City Attorney
State Bar No. 1064284
Milwaukee City Attorney's Office
200 E. Wells Street
CH 800
Milwaukee, WI  53202
Telephone: (414) 286-8822   (Atty. Cronin)
Telephone: (414) 286-2625   (Atty. Miles)
Email: JBCronin@milwaukee.gov
Email: EKMiles@milwaukee.gov

---

the attorney general, to bring an action for mandamus asking a court to order release of the record to the requester.

*Attorneys for Defendants City of Milwaukee, Benjamin Sanchez, Matthew Rejc, Brian Pellett, Timothy Askin, Aaron Helt, Lisa Maney, and Todd Miller*