**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT COURT OF WISCONSIN**

CORDAY ALEXANDER LINTON,
Plaintiff,

v.                                                            Case No. 2:26-cv-00258-JPS

CITY OF MILWAUKEE; BENJAMIN
SANCHEZ, in his individual and official capacities;
MATTHEW REJC, BRIAN PELLETT, TIMOTHY ASKIN, AARON HELT, LISA
MANEY, and TODD MILLER, each in their individual and official capacities,
Defendants.

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND RESPONSE TO DEFENDANTS' JOINT MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Corday Alexander Linton respectfully submits this brief in support of his Motion for Leave to File First Amended Complaint and Response to Defendants' Joint Motion for Judgment on the Pleadings.

**INTRODUCTION**

Defendants' Rule 12(c) motion attacks five counts in Plaintiff's original Complaint: Counts III, V, VI, VII, and XI. Defendants argue that the original HCDA/Section 109 claim, regulatory claim, and federal false statements claim lack private rights of action; that the original Fair Housing Act claim does not involve a "dwelling"; and that the original Wisconsin Public Records claim lacks necessary predicate facts. See Defs.' Mot. for J. on Pleadings, ECF No. 22; Defs.' Br. in Supp., ECF No. 23.

Rather than multiply motion practice over claims Plaintiff no longer seeks to pursue in their original form, Plaintiff seeks leave to file a First Amended Complaint that narrows the case, removes several challenged claims, clarifies the factual basis for remaining claims, and addresses the pleading issues Defendants raised. The proposed amendment removes the standalone HCDA/Section 109 claim, the standalone Title 2/Title 24 regulatory claim, the standalone 18 U.S.C. § 1001 claim, and the Wisconsin Public Records claim. It preserves the underlying facts only where relevant to Plaintiff's remaining constitutional, Title VI, Fair Housing Act, and state-law claims.

The proposed amendment also materially supplements the Fair Housing Act allegations. The First Amended Complaint alleges that the project included two residential apartment units; that the residential component was financed in part through HOME funds; that Plaintiff intended to occupy one of the completed units; that Plaintiff met applicable program and income requirements; and that Defendants' conduct prevented completion, occupancy, and placement into service of those residential units.

Rule 15(a)(2) strongly favors amendment under these circumstances. Plaintiff is not adding an unrelated theory, sandbagging Defendants, or delaying the case. He is narrowing and clarifying the operative pleading in response to the very issues Defendants identified. If leave is granted, Defendants' Rule 12(c) motion should be denied as moot because it will be directed to a superseded complaint. Alternatively, it should be denied without prejudice to any motion addressed to the operative First Amended Complaint.

## PROCEDURAL BACKGROUND

Plaintiff filed this action arising from the City of Milwaukee's administration of residential and commercial rehabilitation funding for the property located at 5128–5130 West Center Street, Milwaukee, Wisconsin. Defendants answered the original Complaint and then filed a Joint Motion for Judgment on the Pleadings under Rule 12(c). Defendants' motion seeks dismissal of original Counts III, V, VI, VII, and XI.

Defendants' supporting brief frames the challenged counts as follows: Count III allegedly fails because the Housing and Community Development Act does not provide a private right of action; Count VI allegedly fails because Title 2 and Title 24 regulations do not provide a private right of action; Count VII allegedly fails because 18 U.S.C. § 1001 does not provide a private right of action; Count V allegedly fails because the Fair Housing Act applies only to dwellings and not to what Defendants characterize as a commercial investment property; and Count XI allegedly fails because the original Complaint did not plead the predicate facts necessary for a Wisconsin Public Records Law claim. See ECF No. 23.

Plaintiff reviewed those arguments and prepared a proposed First Amended Complaint. The proposed First Amended Complaint removes the challenged standalone claims under HCDA/Section 109, Title 2/Title 24 regulations, 18 U.S.C. § 1001, and Wisconsin Public Records Law. It also clarifies that regulatory and program-administration facts are pleaded as factual support for viable claims, not as independent causes of action. The proposed amendment retains and strengthens the Fair Housing Act claim by alleging that the subject property contained two residential apartment units, that the residential component was financed through HOME funds, and that Plaintiff intended to occupy one of those units.

Defendants have not consented to the filing of the First Amended Complaint. Plaintiff therefore seeks leave under Rule 15(a)(2).

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that, outside amendment as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Supreme Court has instructed that Rule 15's liberal amendment policy "is to be heeded." *Foman v. Davis*, 371 U.S. (1962). Leave may be denied for reasons such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. Id. But absent those circumstances, amendment should ordinarily be permitted.

The Seventh Circuit follows the same liberal approach. In *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Northwest Indiana*, the court emphasized that plaintiffs should generally receive at least one meaningful opportunity to cure pleading defects, and that denial of leave at the pleading stage should be reserved for cases of clear futility or other recognized Rule 15 concerns. 786 F.3d (7th Cir. 2015). See also *Bausch v. Stryker Corp.*, 630 F.3d (7th Cir. 2010) (explaining that leave to amend should ordinarily be granted where pleading defects may be curable); *Dubicz v. Commonwealth Edison Co.*, 377 F.3d (7th Cir. 2004) (explaining that delay alone generally does not justify denial absent prejudice).

Futility is evaluated under the same basic legal sufficiency standard used for Rule 12(b)(6). *Runnion*, 786 F.3d. The question is not whether Plaintiff will ultimately prevail, but whether the proposed amended pleading states plausible claims and is not legally doomed from inception.

## ARGUMENT

**I. *Leave to amend should be granted because the proposed First Amended Complaint narrows and clarifies the issues.***

The proposed amendment falls squarely within Rule 15(a)(2)'s liberal amendment policy. Plaintiff does not seek to add unrelated parties, inject a new factual controversy, or expand the case into a different dispute. The proposed First Amended Complaint arises from the same property, same funding agreements, same

City-administered programs, same individual defendants, and same alleged course of conduct pleaded in the original Complaint.

The amendment is also directly responsive to Defendants' Rule 12(c) arguments. Defendants contend that several original counts fail because they relied on statutes or regulations without private rights of action. Plaintiff's proposed amendment removes those standalone counts. Defendants contend that the Wisconsin Public Records count lacks necessary predicate facts. Plaintiff's proposed amendment removes that count as well. Defendants contend that the FHA claim was insufficiently pleaded because the original Complaint allegedly framed the property as a commercial investment property. Plaintiff's proposed amendment clarifies that the property contained two residential units, that the residential component was HOME-funded, and that Plaintiff intended to occupy one of the units upon completion.

That is precisely the type of amendment Rule 15 encourages. It eliminates unnecessary legal disputes, sharpens the operative issues, and avoids burdening the Court with adjudication of claims Plaintiff is no longer pursuing in their original form.

Nor is there undue prejudice. Defendants have known the factual nucleus of the case since the original Complaint. The proposed amendment does not require them to investigate a new transaction or event. It concerns the same 5128–5130 West Center Street project, same rehabilitation funding, same alleged withholding of funds, and same alleged discriminatory administration of City programs. A defendant is not unduly prejudiced merely because a plaintiff seeks to cure or narrow claims after a pleading attack. See *Dubicz*, 377 F.3d.

This is not a case like *Bethany Pharmacal Co. v. QVC, Inc.*, where amendment was sought after discovery had closed and summary judgment briefing was underway. 241 F.3d (7th Cir. 2001). Here, the amendment is sought at the pleading stage, in direct response to Rule 12(c) issues, and before the case has been tested on the merits. Granting leave will streamline, not prolong, the litigation.

**II. *The proposed amendment moots or substantially narrows Defendants' pending Rule 12(c) motion.***

Defendants' Rule 12(c) motion is directed to the original Complaint. But an amended complaint supersedes the prior complaint and becomes the operative pleading. *Massey v. Helman*, 196 F.3d (7th Cir. 1999) ("[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward."); *Johnson v. Dossey*, 515 F.3d (7th Cir. 2008) (explaining that

the amended complaint controls after amendment); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d (7th Cir. 2004) (noting that an amended complaint supersedes the original complaint).

Once the First Amended Complaint becomes operative, the pending Rule 12(c) motion will no longer address the controlling pleading. That is particularly true here because the proposed amendment does not merely make clerical edits. It removes or materially revises the very counts Defendants challenge.

The relationship between Defendants' motion and the proposed amendment is straightforward:

| Defendants' Rule 12(c) Target | Proposed First Amended Complaint |
|---|---|
| Original Count III – HCDA / Section 109 | Removed as a standalone claim |
| Original Count VI – Title 2 / Title 24 regulations | Removed as a standalone claim; regulatory facts used only as support |
| Original Count VII – 18 U.S.C. § 1001 | Removed as a standalone claim |
| Original Count XI – Wisconsin Public Records Law | Removed |
| Original Count V – Fair Housing Act | Repleaded with residential-unit, HOME-funding, and intended-occupancy allegations |

Because the proposed First Amended Complaint removes or materially changes the challenged counts, Defendants' Rule 12(c) motion should be denied as moot upon the granting of leave. See *Lim v. Cent. DuPage Hosp.*, 972 F.2d (7th Cir. 1992) (noting that a pending dismissal motion was denied as moot after amendment). District courts in this Circuit routinely follow that approach when the operative pleading changes. See, e.g., In re Complaint of *J.F. Brennan Co.*, No. 1:19-cv-1402, ECF No. 65 at 2–3 (E.D. Wis. July 22, 2020) (granting leave to amend and denying pending dismissal motions as moot); *Estate of Dean Henry Hoffmann v. Wis. Dep't of Corr.*, No. 2:24-cv-160, ECF No. 42 at 1–2 (E.D. Wis. May 23, 2025)

(granting leave to amend in response to a Rule 12(c) motion and treating the amended complaint as operative).

At minimum, the Court should deny Defendants' Rule 12(c) motion without prejudice to any renewed motion directed to the operative First Amended Complaint. That approach avoids adjudicating an obsolete pleading while preserving Defendants' ability to challenge the amended pleading if they contend any remaining claim is deficient.

**III. *The proposed amendment is not futile.***

Defendants may argue futility, but the proposed amendment is not futile. It removes claims Defendants argue are legally unavailable and clarifies the claims Plaintiff continues to pursue. The amendment does not ask the Court to recognize private rights of action under Title 2, Title 24, 18 U.S.C. § 1001, Wisconsin Public Records Law, or HCDA/Section 109. Instead, those standalone claims are removed.

The remaining federal claims are grounded in recognized causes of action: Equal Protection and Due Process under 42 U.S.C. § 1983, Title VI, and the Fair Housing Act. The proposed amended complaint alleges that Defendants acted under color of state law, that the City administered federally assisted housing and community-development funding, that Plaintiff was denied contractually obligated disbursements and program benefits, that Defendants imposed shifting and unauthorized requirements, and that Defendants' conduct was allegedly motivated by race. Whether Plaintiff can prove those allegations is not the Rule 15 question. At this stage, the proposed amendment need only state plausible claims that are not legally futile.

The proposed amendment also properly preserves federal regulatory and program-administration facts as context, not as standalone causes of action. Regulatory departures, altered documents, internal review procedures, and deviations from disbursement requirements are relevant to discriminatory intent, pretext, procedural unfairness, and breach-related theories. Plaintiff does not ask the Court to create an independent cause of action under the cited regulations. The regulatory facts are pleaded because they help explain how Defendants allegedly administered the funding programs and why Plaintiff contends their conduct was discriminatory, arbitrary, and procedurally improper.

**IV. *The amended Fair Housing Act claim is not futile.***

Defendants' principal merits challenge to the FHA claim is that the subject property was allegedly a commercial investment property, not a "dwelling." ECF No. 23. That argument may have had more force against the original pleading, but it does not justify denying leave to amend.

The Fair Housing Act defines "dwelling" broadly to include "any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families." 42 U.S.C. § 3602(b). Section 3617 makes it unlawful to "coerce, intimidate, threaten, or interfere with" any person in the exercise or enjoyment of rights protected by, among other provisions, § 3604. 42 U.S.C. § 3617.

The proposed First Amended Complaint alleges facts that bring the claim within that framework. It alleges that the subject property contained two residential apartment units; that the residential component was financed in part through HOME funds; that Plaintiff intended to occupy one of the units upon completion; that he met the applicable program and income requirements for occupancy; that Defendants interfered with his ability to develop, complete, and occupy the residential portion of the project; and that two HOME-restricted residential units were never placed into service.

Those allegations materially distinguish the authorities Defendants rely upon. In *Shaikh* and *Lunini*, the courts rejected FHA theories where the plaintiffs were pursuing commercial investment transactions and did not intend to reside in the property or assert the rights of prospective residents. See *Shaikh v. City of Chicago*, 341 F.3d 627 (7th Cir. 2003); *Lunini v. Grayeb*, 305 F. Supp. 2d (C.D. Ill. 2004). Plaintiff's amended allegations are different. Plaintiff alleges not only a residential component but intended personal occupancy of one residential unit and the loss of HOME-restricted residential housing units. This is not merely a commercial investment dispute recast as a housing case.

The amended FHA claim is also consistent with the Act's broad remedial purpose. The Supreme Court has recognized the FHA's broad reach and its focus on fair housing opportunities. See *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. (1972); *Havens Realty Corp. v. Coleman*, 455 U.S. (1982). The Seventh Circuit has also recognized that § 3617 protects against interference with the exercise or enjoyment of FHA-protected rights. See *Bloch v. Frischholz*, 587 F.3d (7th Cir. 2009) (en banc).

At the leave-to-amend stage, the Court need not decide the ultimate merits of the FHA claim. It need only determine that the proposed amended allegations are not clearly futile. Given the amended allegations of

residential units, HOME-funded housing, intended occupancy, and interference with completion and occupancy, the FHA claim is at least plausible. Leave should therefore be granted.

**V. *Granting leave is consistent with the Court's efficiency-focused procedures.***

The Court's civil protocols encourage parties to address Rule 12 issues efficiently and to consider amendment where pleading issues can be remedied by clarification or added detail. That is exactly what Plaintiff has done. Rather than forcing full litigation of claims that have been removed or revised, Plaintiff seeks leave to file a cleaner pleading that narrows the disputed issues and allows the case to proceed on the claims Plaintiff actually intends to pursue.

Granting leave also avoids unnecessary adjudication of legal issues that no longer need to be decided. Defendants' motion asks the Court to dismiss counts that the proposed amended complaint no longer includes. Deciding those arguments now would be inefficient and advisory in practical effect, because the claims attacked by Defendants will not be part of the operative pleading if leave is granted.

The better course is to grant leave, docket the First Amended Complaint as the operative pleading, and deny the pending Rule 12(c) motion as moot. Alternatively, the Court may deny the motion without prejudice to Defendants' ability to file a renewed motion directed to the First Amended Complaint.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Leave to File First Amended Complaint, direct the Clerk to file the proposed First Amended Complaint as the operative pleading, and deny Defendants' Joint Motion for Judgment on the Pleadings as moot. In the alternative, Plaintiff requests that Defendants' Rule 12(c) motion be denied without prejudice to any renewed motion directed to the operative amended complaint.

Dated: April 30, 2026

Respectfully submitted,

By: /s/ Verona Swanigan
VERONA SWANIGAN
STATE BAR NO.: 1086453
ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2026, I electronically filed the foregoing Plaintiff's Brief in Support of Plaintiff's Motion for Leave to File First Amended Complaint and Response to Defendants' Joint Motion for Judgment on the Pleadings with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: April 30, 2026

By: /s/ Verona Swanigan
Verona Swanigan, Esq.