# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT COURT OF WISCONSIN

_____

CORDAY ALEXANDER LINTON,
Plaintiff,

v.                                                    Case No. 2:26-cv-00258-SCD

CITY OF MILWAUKEE; BENJAMIN
SANCHEZ, in his individual and official capacities;
MATTHEW REJC, BRIAN PELLETT, TIMOTHY ASKIN, AARON HELT, LISA
MANEY, and TODD MILLER, each in their individual and official capacities,
Defendants.

_____

## PLAINTIFF'S RESPONSE TO DEFENDANTS' JOINT MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Corday Alexander Linton, by and through undersigned counsel, respectfully files this corrected response to Defendants' Joint Motion for Judgment on the Pleadings. Plaintiff files this response as a separate docket entry in response to the Clerk's May 1, 2026 Notice of Electronic Filing Error.

## RESPONSE

Defendants' Rule 12(c) motion is directed to the original Complaint. Plaintiff has separately filed a corrected motion for leave to file a First Amended Complaint. If leave is granted, Defendants' Rule 12(c) motion should be denied as moot because it will no longer be directed to the operative pleading.

The proposed First Amended Complaint removes or materially revises the counts Defendants challenge. The proposed amendment removes the standalone HCDA/Section 109 claim, removes the standalone Title 2 and Title 24 regulatory claim, removes the standalone 18 U.S.C. § 1001 claim, removes the Wisconsin Public Records Law claim, and repleads the Fair Housing Act claim with additional allegations concerning residential units, HOME funding, intended occupancy, and interference with completion and occupancy.

An amended complaint supersedes the prior complaint and becomes the operative pleading. Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999). Once the First Amended Complaint becomes operative, the

pending Rule 12(c) motion will address a superseded pleading and will not frame the claims actually before the Court.

At minimum, the Court should deny Defendants' Rule 12(c) motion without prejudice to Defendants' ability to file any renewed motion directed to the operative First Amended Complaint. That approach avoids adjudicating an obsolete pleading while preserving Defendants' ability to challenge the amended pleading if they contend any remaining claim is deficient.

If the Court reaches Defendants' Rule 12(c) motion before deciding Plaintiff's corrected motion for leave, Plaintiff respectfully requests that the Court either hold Defendants' Rule 12(c) motion in abeyance pending resolution of the motion for leave or deny the Rule 12(c) motion without prejudice. Dismissal with prejudice would be inefficient and inequitable because Plaintiff has already submitted a proposed amended pleading that narrows the case and addresses the issues Defendants raised.

Plaintiff does not ask the Court to preserve as standalone claims the original HCDA/Section 109, Title 2/Title 24 regulatory, 18 U.S.C. § 1001, or Wisconsin Public Records Law counts. Plaintiff seeks leave to proceed on the narrowed and clarified First Amended Complaint. Accordingly, Defendants' pending Rule 12(c) motion should not be granted with prejudice as to the original pleading. The appropriate case-management result is amendment first, followed by any renewed pleading challenge directed to the actual operative complaint if Defendants believe such a motion remains warranted.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Joint Motion for Judgment on the Pleadings as moot if leave to amend is granted. In the alternative, Plaintiff requests that the Court deny Defendants' motion without prejudice to any renewed motion directed to the operative First Amended Complaint or hold Defendants' motion in abeyance until the Court resolves Plaintiff's corrected motion for leave to file the First Amended Complaint.

Dated: May 1, 2026

By:___/s/ *Verona Swanigan*_____
**VERONA SWANIGAN**
**WSBN: 1086459**
**THE SWANIGAN FIRM**

**425 W. Capitol Ave., Ste. 1533**
**Little Rock, AR 72201**
**866-603-5239**
**callthelawlady@outlook.com**
**Attorney for Plaintiff Corday Alexander Linton**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2026, I electronically filed the foregoing Plaintiff's Corrected Response to Defendants' Joint Motion for Judgment on the Pleadings with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: May 1, 2026

By: /s/Verona Swanigan
Verona Swanigan, Esq.
425 W. Capitol Ave #1533
Little Rock, AR 72201
callthelawlady@outlook.com
866-603-5239