**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT COURT OF WISCONSIN**

CORDAY ALEXANDER LINTON,
Plaintiff,

v.                                                                    Case No. 2:26-cv-00258-SCD

CITY OF MILWAUKEE; BENJAMIN
SANCHEZ, in his individual and official capacities;
MATTHEW REJC, BRIAN PELLETT, TIMOTHY ASKIN, AARON HELT, LISA
MANEY, and TODD MILLER, each in their individual and official capacities,
Defendants.

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff seeks leave to file a First Amended Complaint that narrows this case and addresses the pleading issues raised by Defendants' Joint Motion for Judgment on the Pleadings. The proposed amendment removes several claims Defendants attacked as legally unavailable, clarifies that regulatory and program-administration allegations are pleaded as factual support rather than standalone causes of action, and materially supplements the Fair Housing Act allegations concerning the residential nature of the property and Plaintiff's intended occupancy.

This is the paradigmatic Rule 15 amendment: no new property, no new transaction, no new defendants, no surprise factual detour, and no tactical sandbagging. The amendment streamlines the litigation and gives the Court a cleaner operative pleading. Plaintiff therefore respectfully requests leave to file the proposed First Amended Complaint attached to the corrected motion for leave.

**PROCEDURAL POSTURE**

Plaintiff filed this civil-rights and related state-law action arising from the City of Milwaukee's administration of residential and commercial rehabilitation funding for 5128-5130 West Center Street. Defendants answered the original Complaint and then filed a Rule 12(c) motion directed to selected counts in the original pleading.

Defendants' Rule 12(c) motion targets Counts III, V, VI, VII, and XI of the original Complaint. Defendants argue that the original HCDA/Section 109 claim, regulatory claim, and federal false-statements claim lack private rights of action; that the original Fair Housing Act claim does not sufficiently involve a "dwelling"; and that the original Wisconsin Public Records claim lacks necessary predicate facts.

Plaintiff reviewed those arguments and prepared a proposed First Amended Complaint. The proposed amended pleading removes the challenged standalone claims under HCDA/Section 109, Title 2 and Title 24 regulations, 18 U.S.C. § 1001, and Wisconsin Public Records Law. It also clarifies that regulatory and program-administration facts are pleaded only as factual support for viable claims, not as independent causes of action.

The proposed amendment retains and strengthens the Fair Housing Act claim by alleging that the subject property contained two residential apartment units, that the residential component was financed through HOME funds, that Plaintiff intended to occupy one of those units, and that Defendants' conduct prevented completion, occupancy, and placement into service of those residential units.

Defendants have not consented to the filing of the First Amended Complaint. Plaintiff therefore seeks leave under Rule 15(a)(2), Civil Local Rule 15, and, to the extent any scheduling deadline is implicated, Rule 16(b)(4).

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that, outside amendment as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has instructed that this liberal amendment policy "is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). Leave may be denied for reasons such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. Id. Absent those circumstances, amendment should ordinarily be permitted.

The Seventh Circuit follows the same liberal approach. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Northwest Indiana* emphasized that plaintiffs should generally receive at least one meaningful opportunity to cure pleading defects and that denial of leave at the pleading stage should be reserved for cases of clear futility or other recognized Rule 15 concerns. 786 F.3d (7th Cir. 2015). See also *Bausch v. Stryker Corp.*, 630 F.3d (7th Cir. 2010); *Dubicz v. Commonwealth Edison Co.*, 377 F.3d (7th Cir. 2004).

Where a scheduling-order deadline for amendment has passed, Rule 16(b)(4) may require good cause before the Rule 15 analysis. *Alioto v. Town of Lisbon*, 651 F.3d (7th Cir. 2011). Good cause focuses primarily on the movant's diligence. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d (7th Cir. 2005). Here, to the extent Rule 16 applies, Plaintiff has acted diligently by seeking amendment in direct response to the Rule 12(c) pleading challenge and before any merits adjudication.

Civil Local Rule 15 also provides that any amendment must reproduce the entire pleading as amended, that a motion to amend must state specifically what changes are sought, and that the proposed amended pleading must be filed as an attachment to the motion to amend. Civil L.R. 15(a)-(b). Plaintiff has complied by attaching a complete proposed First Amended Complaint and by identifying the specific changes sought.

## ARGUMENT

### I. *The proposed amendment narrows and clarifies the operative issues.*

The proposed amendment falls squarely within Rule 15(a)(2)'s liberal amendment policy. Plaintiff does not seek to add unrelated parties, inject a new factual controversy, or expand the case into a different dispute. The proposed First Amended Complaint arises from the same property, same funding agreements, same City-administered programs, same individual defendants, and same alleged course of conduct pleaded in the original Complaint.

The amendment is directly responsive to Defendants' Rule 12(c) motion. Defendants contend that several original counts fail because they relied on statutes or regulations without private rights of action. Plaintiff's proposed amendment removes those standalone counts. Defendants contend that the Wisconsin Public Records count lacks necessary predicate facts. Plaintiff's proposed amendment removes that count as well. Defendants contend that the FHA claim was insufficiently pleaded because the original Complaint allegedly framed the property as a commercial investment property. Plaintiff's proposed amendment clarifies that the property contained two residential units, that the residential component was HOME-funded, and that Plaintiff intended to occupy one of the units upon completion.

That is exactly the kind of amendment Rule 15 encourages. It eliminates unnecessary legal disputes, sharpens the operative issues, and avoids burdening the Court with adjudication of claims Plaintiff no longer pursues as standalone causes of action.

### II. *There is no undue prejudice, bad faith, or undue delay.*

Defendants have known the factual nucleus of this case since the original Complaint. The proposed amendment does not require them to investigate a new transaction or event. It concerns the same 5128-5130 West Center Street project, same rehabilitation funding, same alleged withholding of funds, and same alleged discriminatory administration of City programs.

Plaintiff is not using amendment to delay the case or avoid an impending merit ruling after full discovery. The amendment is being sought at the pleading stage, in direct response to a Rule 12(c) challenge, and before the case has been tested on the merits. The practical effect is to streamline the case, not prolong it.

Nor is there bad faith. Plaintiff is dropping several theories as standalone claims and clarifying the claims that remain. That is litigation discipline, not gamesmanship.

### III. *To the extent Rule 16 applies, good cause supports amendment.*

Plaintiff seeks leave under Rule 15(a)(2). To the extent the Court determines that a scheduling-order or procedural deadline requires Rule 16(b)(4) good cause, that standard is also satisfied.

The amendment was prompted by Defendants' Rule 12(c) motion and is aimed at the exact issues Defendants raised. Plaintiff did not sit on newly discovered facts until the eve of trial. Plaintiff reviewed the pleading challenge, narrowed the claims, clarified the factual basis for remaining claims, and prepared a complete amended pleading. The requested amendment therefore reflects diligence and promotes the efficient resolution of the litigation.

### IV. *The proposed amendment is not futile.*

Defendants may argue futility, but the proposed amendment is not futile. It removes claims Defendants argue are legally unavailable and clarifies the claims Plaintiff continues to pursue. Plaintiff does not ask the Court to recognize private rights of action under Title 2, Title 24, 18 U.S.C. § 1001, Wisconsin Public Records Law, or HCDA/Section 109. Those standalone claims are removed.

The remaining federal claims are grounded in recognized causes of action: Equal Protection and Due Process under 42 U.S.C. § 1983, Title VI, and the Fair Housing Act. The proposed amended complaint alleges that Defendants acted under color of state law, that the City administered federally assisted housing and community-development funding, that Plaintiff was denied contractually obligated disbursements and program benefits, that Defendants imposed shifting and unauthorized requirements, and that Defendants'

conduct was allegedly motivated by race. Whether Plaintiff can prove those allegations is not the Rule 15 question. At this stage, the proposed amendment need only state plausible claims that are not legally doomed from inception.

The proposed amendment also properly preserves federal regulatory and program-administration facts as context, not as standalone causes of action. Regulatory departures, altered documents, internal review procedures, and deviations from disbursement requirements are relevant to discriminatory intent, pretext, procedural unfairness, and breach-related theories. Plaintiff does not ask the Court to create an independent cause of action under the cited regulations.

**V. *The amended Fair Housing Act claim is not futile.***

Defendants' principal merits challenge to the FHA claim is that the subject property was allegedly a commercial investment property, not a "dwelling." That argument may have had more force against the original pleading, but it does not justify denying leave to amend.

The Fair Housing Act defines "dwelling" broadly to include "any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families." 42 U.S.C. § 3602(b). Section 3617 makes it unlawful to "coerce, intimidate, threaten, or interfere with" any person in the exercise or enjoyment of rights protected by, among other provisions, § 3604. 42 U.S.C. § 3617.

The proposed First Amended Complaint alleges facts that bring the claim within that framework. It alleges that the property contained two residential apartment units; that the residential component was financed in part through HOME funds; that Plaintiff intended to occupy one completed residential unit; that Plaintiff met applicable program and income requirements; and that Defendants' conduct prevented completion, occupancy, and placement into service of those residential units.

Those allegations materially distinguish a purely commercial investment dispute. Plaintiff alleges not merely a business opportunity but interference with residential units, HOME-funded housing, intended personal occupancy, and the loss of affordable housing opportunities. At the leave-to-amend stage, the Court need not decide whether Plaintiff will ultimately prevail. It need only determine that the amended FHA allegations are not clearly futile.

**VI. *Granting leave is consistent with the Court's efficiency-focused procedures.***

The Court's civil protocols encourage parties to address Rule 12 issues efficiently and to consider amendment where pleading issues can be remedied by clarification or added detail. That is exactly what Plaintiff has done. Rather than forcing full litigation of claims that have been removed or revised, Plaintiff seeks leave to file a cleaner pleading that narrows the disputed issues and allows the case to proceed on the claims Plaintiff actually intends to pursue.

Granting leave also avoids unnecessary adjudication of legal issues that no longer need to be decided. Defendants' Rule 12(c) motion asks the Court to dismiss counts that the proposed amended complaint no longer includes or materially revises. The better course is to grant leave, docket the First Amended Complaint as the operative pleading, and address any future pleading challenge against the actual operative complaint.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Corrected Motion for Leave to File First Amended Complaint, direct the Clerk to file the proposed First Amended Complaint as the operative pleading, and grant such other and further relief as the Court deems just and proper.

Dated: May 1, 2026

**By:___/s/ *Verona Swanigan*_____**
**VERONA SWANIGAN**
**STATE BAR NO.: 1086459**
**ATTORNEY FOR PLAINTIFF**
**425 W. CAPITOL AVE ST 1533**
**LITTLE ROCK, AR 72201**
**callthelawlady@outlook.com**
**866-603-5239**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2026, I electronically filed the foregoing Plaintiff's Brief in Support of Motion for Leave to File First Amended Complaint with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: May 1, 2026

By: /s/Verona Swanigan
Verona Swanigan, Esq.
425 W. Capitol Ave #1533
Little Rock, AR 72201
callthelawlady@outlook.com
866-603-5239

# EXHIBIT A