**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

CORDAY ALEXANDER LINTON,

          Plaintiff,

v.                                                Case No. 2:26-cv-00258-SCD

CITY OF MILWAUKEE, BENJAMIN SANCHEZ,
in his individual and official capacities;
MATTHEW REJC, BRIAN PELLETT,
TIMOTHY ASKIN, AARON HELT, LISA MANEY,
and TODD MILLER, each in their individual
and official capacities,

          Defendants.

---

**DEFENDANTS' JOINT ANSWER AND AFFIRMATIVE DEFENSES**
**TO FIRST AMENDED COMPLAINT**

---

Defendants City of Milwaukee ("City"), Benjamin Sanchez, Matthew Rejc, Brian Pellett, Timothy Askin, Aaron Helt, Lisa Maney, and Todd Miller, by their attorneys, City Attorney Evan C/ Goyke represented by Assistant City Attorneys Elizabeth Miles and Joshua Cronin, provide the following Joint Answer and Affirmative Defenses to Plaintiff's First Amended Complaint:

**I.      INTRODUCTION**

1.     Answering Paragraph 1, admit Plaintiff seeks legal redress against Defendants; deny Defendants took the actions alleged by Plaintiff; deny Plaintiff is entitled to the relief he seeks.

2. Answering Paragraph 2, admit the project included two residential units, two commercial units, City-administered funding, and that the funding was not disbursed; deny Plaintiff was entitled to disbursement.

3. Answering Paragraph 3, deny.

## II. JURISDICTION & VENUE

4. Answering Paragraph 4, admit this Court has subject matter jurisdiction under 28 U.S.C § 1331; deny the remaining allegations of Paragraph 4.

5. Answering Paragraph 5, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

6. Answering Paragraph 6, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

7. Answering Paragraph 7, admit venue is proper in the Eastern District of Wisconsin; deny the remaining allegations of Paragraph 7.

8. Answering Paragraph 8, admit the City is a political subdivision of the State of Wisconsin; admit the City receives and administers federal funds from the federal government, including the United States Department of Housing and Urban Development ("HUD"); admit that, at times, the City has received grants through the Community Development Block Grant ("CDBG") and HOME Investment Partnerships Program ("HOME Program"); deny the remaining allegations of Paragraph 8.

9. Answering Paragraph 9, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

10. Answering Paragraph 10, deny.

2

### III.   PARTIES

**A.   Plaintiff**

11.   Answering Paragraph 11, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

12.   Answering Paragraph 12, admit 5128-5130 West Center Street, Milwaukee, Wisconsin ("Subject Property") was purchased by D.L.K. Legacy Investments, LLC; lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

13.   Answering Paragraph 13, deny.

**B.   Defendants**

14.   Answering Paragraph 14, admit the City is a Wisconsin municipal corporation; admit the City receives and administers federal funds from the federal government, including HUD; admit that, at times, the City has received grants through the CDBG and HOME Program; deny the remaining allegations of Paragraph 14.

15.   Answering Paragraph 15, admit.

16.   Answering Paragraph 16, admit Benjamin Sanchez was employed by the City as a Housing Rehabilitation Manager in the Department of City Development ("DCD") and affirmatively allege that the Neighborhood Improvement Development Corporation ("NDIC") is a separate, non-profit corporation affiliated with DCD; deny the remaining allegations of Paragraph 16.

17.   Answering Paragraph 17, admit Brian Pellett was employed by the City as a Rehabilitation Specialist in DCD; deny the remaining allegations of Paragraph 17.

18. Answering Paragraph 18, admit Matthew Rejc was employed by the City as a Neighborhood Business Development Administrator in DCD; deny the remaining allegations of Paragraph 18.

19. Answering Paragraph 19, admit Timothy Askin was employed by the City as a Historic Preservation Commission Staff Member; deny the remaining allegations of Paragraph 19.

20. Answering Paragraph 20, admit Aaron Helt was employed by the City as a Housing Programs Manager in DCD; deny the remaining allegations of Paragraph 20.

21. Answering Paragraph 21, admit Lisa Maney was employed by the City as a Commercial Code Enforcement Inspector in the Department of Neighborhood Services ("DNS"); deny the remaining allegations of Paragraph 21.

22. Answering Paragraph 22, admit Todd Miller was employed by the City as a Community Outreach Liaison in the Office of the Mayor of Milwaukee; deny the remaining allegations of Paragraph 22.

**C.    Venue and Jurisdiction**

23. Answering Paragraph 23, admit.

24. Answering Paragraph 24, deny Brian Pellett's zip code is as alleged; admit the remaining allegations of Paragraph 24.

25. Answering Paragraph 25, admit.

26. Answering Paragraph 26, admit the City is a Wisconsin municipal corporation; deny the remaining allegations of Paragraph 26.

27. Answering Paragraph 27, deny.

4

28. Answering Paragraph 28, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

29. Answering Paragraph 29, admit venue is proper in the Eastern District of Wisconsin; deny the remaining allegations of Paragraph 29.

**D.     Agency and Color of Law**

30. Answering Paragraph 30, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

### IV.     FACTUAL ALLEGATIONS

**A.     The Development Project and Funding Structure**

31. Answering Paragraph 31, admit D.L.K. Legacy Investments LLC purchased the Subject Property in 2019 for $10,000; lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

32. Answering Paragraph 32, admit Plaintiff guaranteed the STRONG Neighborhoods Plan Rental Rehabilitation Loan Program Loan Agreement entered into with D.L.K. Legacy Investments, LLC dated September 14, 2020 ("Residential Loan Agreement"); lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

33. Answering Paragraph 33, admit.

34. Answering Paragraph 34, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

35. Answering Paragraph 35, admit the City entered into a Loan Agreement, Foreclosed Commercial Property Loan Program with Plaintiff dated August 11, 2020

5

("Commercial Loan Agreement"); admit the Commercial Loan Agreement was in the amount of $65,523.33; deny the remaining allegations of Paragraph 35.

36. Answering Paragraph 36, deny the Subject Property is within any current Targeted Investment Neighborhood; admit the Subject Property is within the Center Street Marketplace Business Improvement District; admit City allocation of Community Development Block Grant funds are used to meet HUD national objectives; lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

37. Answering Paragraph 37, deny.

38. Answering Paragraph 38, admit that on February 10, 2020, Deputy Commissioner Martha Brown sent a letter to Plaintiff that, among other things, notified Plaintiff of the conditional approval of his application for a Commercial Foreclosed Property Renovation Fund loan in relation to the Subject Property in the amount of $65,523.33 ("Conditional Approval Letter"); lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 38.

39. Answering Paragraph 39, admit that prior to issuance of the Conditional Approval Letter, the City received architectural drawings from Nicholas Robinson of D.R.E.A.M. Builders, LLC; lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 39.

40. Answering Paragraph 40, admit, but deny any inference that notations of historic designation, historic district inclusion, special preservation requirements or property code violations were required as part of the plan check process and deny the admission establishes any legally material fact.

41. Answering Paragraph 41, admit.

6

42. Answering Paragraph 42, deny.

43. Answering Paragraph 43, admit the Residential Loan Agreement contains a section 4. entitled "Closing of Loan and Disbursement of Loan Proceeds"; deny the remaining allegations of Paragraph 43.

44. Answering the first three sentences of Paragraph 44, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations; answering the fourth sentence of Paragraph 44, deny.

45. Answering Paragraph 45, admit the Residential Loan Agreement contains a subsection 4(e) but deny that Paragraph 45 contains a full and complete description of subsection 4(e); deny the remaining allegations of Paragraph 45.

46. Answering Paragraph 46, admit.

47. Answering Paragraph 47, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

**B.     Benjamin Sanchez's [Alleged] Explicit Racist Statements**

48. Answering Paragraph 48, deny.

49. Answering Paragraph 49, deny.

50. Answering Paragraph 50, admit Benjamin Sanchez sent an email on August 18, 2022 to Matthew Rejc (copy to Orlando Centeno); deny that Paragraph 50 contains a full and complete description of that email; deny the remaining allegations of Paragraph 50.

51. Answering Paragraph 51, deny.

52. Answering Paragraph 52, deny.

53.     Answering Paragraph 53, admit Rick Banks had worked as an Economic Development Specialist on the Foreclosed Commercial Property Loan Program with Plaintiff; deny the remaining allegations of Paragraph 53.

54.     Answering Paragraph 54, deny.

55.     Answering Paragraph 55, deny.

56.     Answering Paragraph 56, deny.

57.     Answering Paragraph 57, deny.

58.     Answering Paragraph 58, deny.

59.     Answering Paragraph 59, deny.

60.     Answering Paragraph 60, deny.

61.     Answering Paragraph 61, deny.

**C.     Brian Pellett's [Alleged] Project-Cost Document Irregularities**

62.     Answering Paragraph 62, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

63.     Answering the first sentence of Paragraph 63, deny; lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

64.     Answering Paragraph 64, deny.

65.     Answering Paragraph 65, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

**D.     Timothy Askin's [Alleged] Additional Historic-Preservation Requirements**

66.     Answering Paragraph 66, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

67. Answering Paragraph 67, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

68. Answering Paragraph 68, deny.

69. Answering Paragraph 69, admit certain historic preservation requirements were imposed through Mr. Askin; deny the remaining allegations of Paragraph 69.

70. Answering Paragraph 70, admit certain historic preservation requirements were imposed through Mr. Askin; deny the remaining allegations of Paragraph 70.

71. Answering Paragraph 71, deny.

**E. Ben Sanchez's [Alleged] Additional Disbursement Requirements and Administrative Review Barriers**

72. Answering Paragraph 72, admit Mr. Sanchez sent an email on August 30, 2022 to Matthew Rejc (copy to Orlando Centeno and Aaron Helt); deny Paragraph 72 contains a full and complete description of that email; deny the remaining allegations of Paragraph 72.

73. Answering Paragraph 73, admit Mr. Sanchez sent an email on November 10, 2022 to Plaintiff and Michael Amrhein (copy to Orlando Centeno and Brian Pellett); deny Paragraph 73 contains a full and complete description of that email; deny the remaining allegations of Paragraph 73.

74. Answering Paragraph 74, admit Mr. Sanchez sent an email on November 17, 2022 to D.L.K. Legacy Investments, LLC, Matthew Rejc, Sherri Underwood, and bgi@consultant.com; deny Paragraph 74 contains a full and complete description of that email.

75.     Answering Paragraph 75, admit Mr. Sanchez sent an email on November 30, 2022 to Plaintiff (copy to numerous persons); deny Paragraph 75 contains a full and complete description of that email.

76.     Answering Paragraph 76, deny.

**F.      Lisa Maney's Code Enforcement Actions**

77.     Answering Paragraph 77, deny.

78.     Answering Paragraph 78, admit the City issued ORD-19-10541 on or about June 13, 2019, which ordered correction of the following six violations: 1) replace missing cover on electric junction box above display window on 2130 W. Center Street; 2) replace missing cover on electric junction box on north side of building in window well; 3) replace missing downspout and connect to gutter system; 4) replace defective bricks or blocks in exterior wall; 5) replace mortar missing from exterior wall (tuckpoint); and 6) restore porch to a safe condition; deny all allegations inconsistent with ORD-19-10541.

79.     Answering Paragraph 79, admit Plaintiff emailed Ms. Maney on September 23, 2019 regarding the status of construction; deny all allegations inconsistent with that email.

80.     Answering Paragraph 80, admit Ms. Maney emailed Plaintiff on January 2, 2020 stating, among other things, "As long as there are updates and forward progress on the order, the re-inspection fees will not be charged"; deny all allegations inconsistent with that email.

81.     Answering Paragraph 81, admit on October 5, 2021, Plaintiff forwarded Ms. Maney a September 28, 2021 email from Michael Amrhein regarding the status of the work at the Subject Property; admit Ms. Maney emailed Plaintiff on October 14, 2021 advising

10

that three violations listed on ORD-19-10541 remained uncorrected; deny all allegations inconsistent with both emails.

82. Answering Paragraph 82, admit the City issued ORD-21-14358 on or about October 15, 2021, which stated in pertinent part: "Correct By Date: 11/22/2021, 8) 275-32.3.a Protect all wood surfaces with paint or other approved coating (surfaces must be properly prepared and coating applied in a workmanlike manner). AREA OF CONCERN: Wood trim on windows (north side) and ceiling above entryway (5130) have peeling and chipping paint. Need to protect all wood surfaces with paint or other approved coating (surfaces must be properly prepared and coating applied in a workmanlike manner)"; deny the remaining allegations of Paragraph 82.

83. Answering Paragraph 83, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

84. Answering Paragraph 84, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

85. Answering Paragraph 85, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

86. Answering Paragraph 86, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

87. Answering Paragraph 87, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

88. Answering Paragraph 88, deny.

89. Answering Paragraph 89, deny.

90. Answering Paragraph 90, admit.

11

91. Answering Paragraph 91, deny.

**G.    Todd Miller's [Alleged] Ratification and Municipal Silence**

92. Answering Paragraph 92, deny.

93. Answering Paragraph 93, admit Plaintiff sent an email on December 14, 2022 to Todd Miller (copy to Benjamin Sanchez, Brian Pellett, and Aaron Helt); deny Paragraph 93 contains a full and complete description of that email; deny the remaining allegations of Paragraph 93.

94. Answering Paragraph 94, admit Mr. Miller sent an email on December 15, 2022 to Plaintiff (copy to Benjamin Sanchez, Brian Pellett, and Aaron Helt); deny Paragraph 94 contains a full and complete description of that email; deny the remaining allegations of Paragraph 94.

95. Answering Paragraph 95, deny.

**H.    Oversight Complaints**

96. Answering Paragraph 96, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

**I.    Later Review of Project Records**

97. Answering Paragraph 97, deny.

**J.    The Interdependence of Funding Streams and [Alleged] Sequential Obstruction**

98. Answering Paragraph 98, deny.

99. Answering Paragraph 99, deny.

100. Answering Paragraph 100, admit Brian Pellet provided Michael Amrhein an Owner Development Agreement; Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Michael Amrhein's April 5, 2022

12

email to Plaintiff and March 22, 2025 statement; deny the remaining allegations of Paragraph 100.

101.    Answering Paragraph 101, admit the City issued ORD-21-14358 on or about October 15, 2021, which stated in pertinent part: "Correct By Date: 11/22/2021, 8) 275-32.3.a Protect all wood surfaces with paint or other approved coating (surfaces must be properly prepared and coating applied in a workmanlike manner). AREA OF CONCERN: Wood trim on windows (north side) and ceiling above entryway (5130) have peeling and chipping paint. Need to protect all wood surfaces with paint or other approved coating (surfaces must be properly prepared and coating applied in a workmanlike manner)"; deny the remaining allegations of Paragraph 101.

102.    Answering Paragraph 102, deny.

103.    Answering Paragraph 103, admit Mr. Sanchez sent an email on August 30, 2022 to Matthew Rejc (copy to Orlando Centeno and Aaron Helt); deny Paragraph 103 contains a full and complete description of that email; deny the remaining allegations of Paragraph 103.

104.    Answering Paragraph 104, admit Mr. Sanchez sent an email on November 10, 2022 to Plaintiff and Michael Amrhein (copy to Orlando Centeno and Brian Pellett); deny Paragraph 104 contains a full and complete description of that email; deny the remaining allegations of Paragraph 104.

105.    Answering Paragraph 105, deny.

106.    Answering Paragraph 106, admit Mr. Sanchez sent an email on November 30, 2022 to Plaintiff (copy to numerous persons); deny Paragraph 106 contains a full and complete description of that email; deny the remaining allegations of Paragraph 106.

13

107. Answering Paragraph 107, admit Mr. Sanchez sent an email on November 30, 2022 to Plaintiff (copy to numerous persons); deny Paragraph 107 contains a full and complete description of that email; deny the remaining allegations of Paragraph 107.

108. Answering Paragraph 108, admit Mr. Sanchez sent an email on November 30, 2022 to Plaintiff (copy to numerous persons); deny Paragraph 108 contains a full and complete description of that email; deny the remaining allegations of Paragraph 108.

109. Answering Paragraph 109, admit Mr. Sanchez sent an email on November 30, 2022 to Plaintiff (copy to numerous persons); deny Paragraph 109 contains a full and complete description of that email; deny the remaining allegations of Paragraph 109.

110. Answering Paragraph 110, deny.

111. Answering Paragraph 111, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

112. Answering Paragraph 112, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

**K.** **[Alleged] Financial Impact and Validated Business Plans**

113. Answering Paragraph 113, deny.

114. Answering Paragraph 114, deny.

115. Answering Paragraph 115, including subparts (a)–(c), deny.

116. Answering Paragraph 116, deny.

117. Answering Paragraph 117, deny.

118. Answering Paragraph 118, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

119. Answering Paragraph 119, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

120. Answering Paragraph 120, deny.

121. Answering Paragraph 121, deny.

**L.    Additional Context Regarding [Alleged] Similar Experiences**

122. Answering Paragraph 122, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

**M.    [Alleged] Lost Affordable Housing and Community Opportunity**

123. Answering Paragraph 123, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

**N.    [Alleged] Concrete Financial Harm**

124. Answering Paragraph 124, deny.

125. Answering Paragraph 125, deny.

126. Answering Paragraph 126, deny.

127. Answering Paragraph 127, deny.

128. Answering Paragraph 128, deny.

**O.    [Alleged] DCD Commercial Corridor Fund Source Uncertainty**

129. Answering Paragraph 129, admit the City entered into the Residential Loan Agreement; admit the Residential Loan Agreement was in the amount of $29,998.00; and admit the City received funding for the STRONG Neighborhoods Plan Rental Rehabilitation Loan Program through HUD, particularly the HOME Program; deny the remaining allegations of Paragraph 129.

15

130. Answering Paragraph 130, admit the City entered into the Residential Loan Agreement; admit the Residential Loan Agreement was in the amount of $29,998.00; and admit the City received funding for the STRONG Neighborhoods Plan Rental Rehabilitation Loan Program through HUD, particularly the HOME Program; deny the remaining allegations of Paragraph 130.

**P. Regulatory Departures as [Alleged] Supporting Facts**

131. Answering Paragraph 131, deny.

## V. CLAIMS FOR RELIEF

### COUNT I: 42 U.S.C. § 1983 – EQUAL PROTECTION VIOLATION
(Against All Defendants)

132. Answering Paragraph 132, Defendants repeat, reallege, and incorporate by reference all allegations, averments, denials, and affirmative defenses contained within the rest of this responsive pleading.

133. Answering Paragraph 133, deny.

134. Answering Paragraph 134, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

135. Answering Paragraph 135, deny.

136. Answering Paragraph 136, including subparts (a)–(i), deny.

137. Answering Paragraph 137, deny.

138. Answering Paragraph 138, deny.

139. Answering Paragraph 139, deny.

16

## COUNT II – VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964
### (42 U.S.C. § 2000d)
### (Against Defendant City of Milwaukee)

140. Answering Paragraph 140, Defendants repeat, reallege, and incorporate by reference all allegations, averments, denials, and affirmative defenses contained within the rest of this responsive pleading.

141. Answering Paragraph 141, admit the City receives and administers federal funds from the federal government, including HUD; admit that, at times, the City has received grants through the CDBG and HOME Program; deny all remaining allegations.

142. Answering Paragraph 142, including subparts (a)–(d), deny.

143. Answering Paragraph 143, deny.

144. Answering Paragraph 144, admit certain federal regulations apply to the City; deny Defendants violated any such regulations.

145. Answering Paragraph 145, deny.

146. Answering Paragraph 146, deny.

## COUNT III – DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS OF LAW
### (42 U.S.C. § 1983)
### (Against All Defendants)

147. Answering Paragraph 147, Defendants repeat, reallege, and incorporate by reference all allegations, averments, denials, and affirmative defenses contained within the rest of this responsive pleading.

148. Answering Paragraph 148, deny.

149. Answering Paragraph 149, deny.

150. Answering Paragraph 150, including subparts (a)–(e), deny.

151. Answering Paragraph 151, deny.

17

152. Answering Paragraph 152, deny.

153. Answering Paragraph 153, deny.

## COUNT IV – VIOLATION OF THE FAIR HOUSING ACT (42 U.S.C. § 3617)
### (Against All Defendants)

154. Answering Paragraph 154, Defendants repeat, reallege, and incorporate by reference all allegations, averments, denials, and affirmative defenses contained within the rest of this responsive pleading.

155. Answering Paragraph 155, admit the Subject Property included two residential units and was financed in part through the Home Program; deny all remaining allegations.

156. Answering Paragraph 156, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

157. Answering Paragraph 157, deny.

158. Answering Paragraph 158, deny.

159. Answering Paragraph 159, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

160. Answering Paragraph 160, including subparts (a)–(d), deny.

161. Answering Paragraph 161, deny.

162. Answering Paragraph 162, deny.

163. Answering Paragraph 163, deny.

164. Answering Paragraph 164, deny.

165. Answering Paragraph 165, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

166. Answering Paragraph 166, deny.

167.     Answering Paragraph 167, deny.

168.     Answering Paragraph 168, deny.

## COUNT V – BREACH OF CONTRACT
## (RESIDENTIAL REHABILITATION AGREEMENT)
### (Against Defendant City of Milwaukee)

169.     Answering Paragraph 169, Defendants repeat, reallege, and incorporate by reference all allegations, averments, denials, and affirmative defenses contained within the rest of this responsive pleading.

170.     Answering Paragraph 170, admit the City entered into the Residential Loan Agreement; admit the Residential Loan Agreement was in the amount of $29,998.00; admit the City received funding for the STRONG Neighborhoods Plan Rental Rehabilitation Loan Program through HUD, particularly the HOME Program; deny the remaining allegations of Paragraph 170.

171.     Answering Paragraph 171, deny.

172.     Answering Paragraph 172, including subparts (a)–(d), deny.

## COUNT VI – BREACH OF CONTRACT
## (COMMERCIAL REHABILITATION AGREEMENT)
### (Against Defendant City of Milwaukee)

173.     Answering Paragraph 173, Defendants repeat, reallege, and incorporate by reference all allegations, averments, denials, and affirmative defenses contained within the rest of this responsive pleading.

174.     Answering Paragraph 174, admit the City entered into the Commercial Loan Agreement; admit the Commercial Loan Agreement was in the amount of $65,523.33; deny the remaining allegations of Paragraph 174.

175.     Answering Paragraph 175, deny.

19

176.    Answering Paragraph 176, deny.

177.    Answering Paragraph 177, deny.

178.    Answering Paragraph 178, deny.

179.    Answering Paragraph 179, including subparts (a)–(c), deny.

180.    Answering Paragraph 180, deny.

181.    Answering Paragraph 181, deny.

## COUNT VII – CONVERSION
### (Against Defendant City of Milwaukee)

182.    Answering Paragraph 182, Defendants repeat, reallege, and incorporate by reference all allegations, averments, denials, and affirmative defenses contained within the rest of this responsive pleading.

183.    Answering Paragraph 183, deny Plaintiff is entitled to the relief he seeks.

184.    Answering Paragraph 184, including subparts (a)–(b), deny.

185.    Answering Paragraph 185, deny.

186.    Answering Paragraph 186, deny.

187.    Answering Paragraph 187, deny.

188.    Answering Paragraph 188, deny.

## COUNT VIII – 42 U.S.C. § 1985(2) – CONSPIRACY TO VIOLATE EQUAL PROTECTION & DUE PROCESS RIGHTS
### (Against All Defendants)

189.    Answering Paragraph 189, Defendants repeat, reallege, and incorporate by reference all allegations, averments, denials, and affirmative defenses contained within the rest of this responsive pleading.

190.    Answering Paragraph 190, deny.

20

191. Answering Paragraph 191, deny.

192. Answering Paragraph 192, deny.

193. Answering Paragraph 193, deny.

194. Answering Paragraph 194, deny.

195. Answering Paragraph 195, deny.

196. Answering Paragraph 196, deny.

197. Answering Paragraph 197, deny.

198. Answering Paragraph 198, deny.

## PRAYER FOR RELIEF

Answering the "Prayer for Relief" set forth in Plaintiff's First Amended Complaint, Defendants deny Plaintiff is entitled to any relief.

## EXHIBIT INDEX

Answering the "Exhibit Index" set forth in Plaintiff's First Amended Complaint, Defendants preserve any and all evidentiary objections to all exhibits listed.

## AFFIRMATIVE DEFENSES

1. The injuries and damages sustained by Plaintiff, if any, were caused in whole or in part by his own actions or omissions, his failure to mitigate, or a combination of such;

2. The injuries and damages sustained by Plaintiff, if any, were caused in whole or in part by the acts or omissions of persons other than Defendants;

3. The First Amended Complaint contains claims that fail to state a claim upon which relief may be granted as against Defendants;

4. Plaintiff's claims are barred, at least in part, by the applicable statute of limitations;

21

5.	The injuries and damages sustained by Plaintiff, if any, may be the result of an intervening or superseding cause preventing Plaintiff from obtaining a right of recovery against Defendants;

6.	Plaintiff's Wisconsin state law claims are subject to the prerequisites, limitations, and immunities contained in Wis. Stat. § 893.80 including, but not limited to, notice requirements and damages caps;

7.	Defendants are immune from suit under common law and statutory immunities and privileges, including discretionary immunity and qualified immunity;

8.	Any claim for punitive damages is not supported by the facts of this case, statutory and common law requirements for recovery of such damages, nor the Constitution's limitations on such damages including the due process clause and excessive fines clause;

9.	The acts of Defendants were in good faith, privileged, justified, and not motivated by malice, recklessness, or intent to harm;

10.	Plaintiff may have failed to name indispensable and necessary parties;

11.	Plaintiff may not be the real party in interest;

12.	The doctrines of waiver and estoppel preclude Plaintiff's claims and alleged damages;

13.	Plaintiff failed to exhaust state law and/or administrative remedies;

14.	Plaintiff failed to comply with the terms of the Residential Loan Agreement and the Commercial Loan Agreement and otherwise has unclean hands with respect to these two agreements; and

15.	Defendants reserve the right to amend this Answer to assert additional defenses as discovery proceeds.

22

**WHEREFORE**, Defendants respectfully request judgment as follows:

a.  For a dismissal of Plaintiff's First Amended Complaint upon its merits;

b.  For their costs and disbursements of this action;

c.  For reasonable actual attorneys' fees pursuant to 42 U.S.C. § 1988; and

d.  For such other relief as this Court deems just and equitable.

## THE CITY REQUESTS A TRIAL BY JURY

Dated and signed at Milwaukee, Wisconsin this 21st day of May, 2026.

EVAN C. GOYKE
City Attorney

By:  *s/Elizabeth K. Miles*
ELIZABETH K. MILES, Assistant City Attorney
State Bar No. 1064284
JOSHUA B. CRONIN, Assistant City Attorney
State Bar No. 1064324
Milwaukee City Attorney's Office
200 E. Wells Street
CH 800
Milwaukee, WI  53202
Telephone: (414) 286-2625  (Atty. Miles)
Telephone: (414) 286-8822  (Atty. Cronin)

Email: EKMiles@milwaukee.gov
Email: JBCronin@milwaukee.gov

*Attorneys for Defendants City of Milwaukee, Benjamin Sanchez, Matthew Rejc, Brian Pellett, Timothy Askin, Aaron Helt, Lisa Maney, and Todd Miller*

2026-000288/

23